JACOB CARPENTER, Appellant, *v.* WILLIAM LE COUNT, Respondent.

Under the provisions of the Revised Statutes (1 R. S. 532, §§ 23, 24), prohibiting an auctioneer from demanding more than two and one-half per cent commissions for his services, on sales, " unless by a previous agreement in writing between him and the owner," to bring a case within the exception it is not essential that the written agreement should be signed by the auctioneer ; if signed by the owner and carried into effect by the auctioneer he is entitled to the compensation fixed thereby.

Plaintiff owned certain goods upon which A. had a mortgage. A written agreement was executed between them, which, among other things, authorized defendant to sell the goods at auction and to charge five per cent commissions, and directed as to the distribution of the proceeds. Defendant sold under the agreement and retained the commissions fixed. In an action to recover the excess over the statutory allowance, and the penalty fixed by the statute for a violation thereof, *held*, that the agreement was between the owner and the defendant within the meaning of the statute, as it conferred upon the latter his authority to sell ; that said agreement was valid although not signed by defendant ; and that he was entitled to retain the percentage agreed upon.

(Submitted October 10, 1883 ; decided October 26, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made September 14, 1880, which affirmed a judgment in favor of defendant, entered upon a verdict and affirmed an order denying a motion for a new trial. (Reported below, 22 Hun, 106.)

This action was brought against defendant, an auctioneer, to recover a sum alleged to have been unlawfully retained by him as commissions on sale of certain goods, and also the penalty fixed by the statute (1 R. S. 532, § 24) for demanding unlawful commissions.

In April, 1876, the plaintiff executed to one Ackerman a chattel mortgage as security for a promissory note, payable on demand, and in the latter part of the same year they entered into a contract in writing, by which they agreed that the note and chattel mortgage should both be deemed due without the

formalities of demand and seizure; that all the property be placed in the hands of the defendant, who was auctioneer, for sale, and he was thereby authorized to sell the same, to collect the money for which the property should sell, and out of the proceeds to pay his commissions at the rate of five per cent, the expense of the sale, the amount due to Ackerman on the note and mortgage, and the balance to the plaintiff. The sale was made by the defendant, and the proceeds disposed of by him, in pursuance of said agreement.

*M. M. Silliman* for appellant. The written agreement in evidence is not a written agreement within the statute so as to authorize and protect the defendant in charging and retaining a commission of five per cent upon his sales. (1 R. S. 532, §§ 23, 24; *Leeds* v. *Bowen,* 1 Robt. 10, 11, 13; 1 Blackstone's Com. 88; *Vrooman* v. *Turner,* 69 N. Y. 280, 283, 284; *Onondaga Co. Milk Ass'n* v. *Wall,* 17 Hun, 494; *Merrill* v. *Green,* 55 N. Y. 270; *Garnsey* v. *Rogers,* 47 id. 233, 240, 241; *Leeds* v. *Bowen,* 1 Robt. 10, 14; *Remington* v. *Townsend,* 7 Wend. 250; *Updyke* v. *Campbell,* 4 E. D. Smith, 470; *Buckman* v. *Rugar,* 3 Denio, 340; *Swords* v. *Owen,* 43 How. Pr. 176; *Onondaga Co. Milk Ass'n* v. *Wall,* 17 Hun, 496; *Benton* v. *Wickwire,* 54 N. Y. 226; *Newell* v. *People,* 7 id. 97; *McClusky* v. *Cromwell,* 11 id. 601; *DeGroot* v. *Van Duzer,* 20 Wend. 393; *Dezell* v. *Odell,* 3 Hill, 221, 222; *Truscott* v. *Davis,* 4 Barb. 498; *Nichols* v. *Nussbaum,* 10 Hun, 216, 217; *Union B'k* v. *Bush,* 36 N. Y. 637; *Brewster* v. *Striker,* 2 id. 41; *Gailor* v. *Herrick,* 42 Barb. 87.) The rule laid down by the court in the charge, that defendant had a right to charge and retain for himself compensation, outside of his commission, for all services rendered by him, save the mere act of offering the goods for sale and striking them off, was error. (*Leeds* v. *Bowen,* 1 Robt. 10, 13, 14; *Russell* v. *Miner,* 5 Lans. 538.) The defendant had no right to charge or retain the item of $30 for commissions upon goods which he did not actually sell. (*Leeds* v. *Bowen,* 1 Robt. 10, 14; 1 R. S. 532, § 8; *Polk* v. *Daly,* 14 Abb. Pr. [N. S.] 128, 160;

*Culver* v. *W. U. Tel. Co.*, 50 N. Y. 691.) The allowance to the defendant by the judge, in his charge, of $5.00 as having been paid by defendant to Ackerman to pay Mr. Woodworth for drawing the agreement, was error. (*Herring* v. *Hoppock*, 15 N. Y. 413; *Besson* v. *Southard*, 10 id. 240; *Smith* v. *Tiffany*, 36 Barb. 25; *Howard* v. *Smith*, 42 How. Pr. 311; *Corning* v. *Troy Iron and Nail Factory*, 44 N. Y. 594; *Commissioners of Excise of Chenango Co.* v. *Backus*, 29 How. Pr. 37; *Strong* v. *Blake*, 46 Barb. 229.) A verdict will not be set aside where there is conflicting testimony, merely because the evidence was not strong, or merely because the court would come to a different conclusion from that reached by the jury. (*Williams* v. *Vanderbilt*, 29 Barb. 504; *Fleming* v. *Smith*, 44 id. 557, 558; *Mackey* v. *N. Y. C. R. R. Co.*, 27 id. 539.) The manner and form of taking the exception are sufficient to present the alleged error for review. (*Wombough* v. *Cooper*, 2 Hun, 428, 433; *Backman* v. *Jenks*, 55 Barb. 473; *Sheldon* v. *Atlantic F. & M. Ins. Co.*, 26 N. Y. 464; *Low* v. *Hall*, 47 id. 104; *Stone* v. *Flower*, id. 566; *Schenck* v. *Andrews*, 57 id. 149; *Allis* v. *Leonard*, 58 id. 288; *Train* v. *Holland Purchase Co.*, 62 id. 599; *Trustees of East Hampton* v. *Kirk*, 68 id. 464; 3 Wait's Pr. 183.)

*Martin J. Keogh* for respondent. The defendant did not violate the statute in retaining five per cent commissions and is not liable for the penalty given by the statute. (1 R. S. 532, § 23.) Plaintiff having no title to the goods sold, either as owner or consignee, cannot claim the penalty, even if it has been incurred. (2 R. S. 532, §§ 23, 24; *Butler* v. *Miller*, 1 N. Y. 500; *Daur* v. *Mallory*, 16 Barb. 50.) Plaintiff is estopped from denying that the agreement under which the defendant sold the goods was a valid one as to him. (2 Story's Eq. Jur. 756.) The commissions of the defendant, as an auctioneer, only included payment for his services as such; the value of his other services stated in the account, having been passed upon by the jury, is not an issue on this appeal. (*Russell* v. *Miner*, 5 Lans. 538, 539.)

MILLER, J. We think that the written agreement between the plaintiff and Ackerman, which provided for the compensation of the defendant as auctioneer at the rate of five per cent, was binding upon the plaintiff, and that the defendant had a right to avail himself of the same as a defense to the plaintiff's claim in this action. The plaintiff claims that the defendant was not a party to the agreement, and therefore not entitled to the benefit of the same. The writing was executed by the plaintiff and Ackerman for the purpose of authorizing a sale of the property without the demand which was required by the terms of the mortgage, and expressly conferred authority upon the auctioneer to sell, and fixed the commissions to be paid him as auctioneer. Without this authority the defendant was not empowered to make a sale, and with it, he not only had the right to sell, but to charge the commission which was agreed upon by the parties in interest. The fact that it was not signed by the defendant did not relieve the plaintiff from the obligation which it imposed in reference to the defendant. The paper in question not only conferred authority, for the sale of the goods, upon the defendant, but it also provided for the distribution of the proceeds in the manner designated, and was a complete authorization by both of the parties in reference to the amount of commission to be retained by him for the services which he engaged to perform. It was evidently executed by the parties, having in view the statute which provided for the fees of the auctioneer, and with the intention of fixing a larger compensation than that which was named in said statute. Under the circumstances there is no valid ground for the claim of the appellant's counsel that the agreement was not binding as between the plaintiff and the defendant. It is not important to inquire what the rights of the defendant would have been, had there been a revocation of the power to sell, and it is sufficient to say that the authority thus conferred upon the defendant was sanctioned by the plaintiff's consent to and acquiescence in the same, which indicates unmistakably a ratification of the agreement. Nor in view of the facts are we called upon to inquire and determine what would have been the effect of a fail-

ure of the defendant to comply with the terms of the agreement. In this respect it is enough to say that the auctioneer did perform the agreement with the approbation and consent of the plaintiff, and we think the agreement must be regarded, so far as the defendant is concerned, as a valid contract between him and the plaintiff. Looking at the provision in the agreement as to the fees to be allowed to the defendant, and the fact that it was carried into effect with the plaintiff's assent and by his authority, it cannot be said upon any reasonable ground that the right of the defendant to the commission provided for depends upon an oral agreement. Conceding that the defendant, by reason of not having signed the agreement, was under no obligation to perform it, yet as he did perform it, it cannot, we think, be urged that he is not entitled to the benefit of the same on the ground that it was without consideration. He has fulfilled it in all respects, and the plaintiff has received and enjoyed the advantages arising from the same, and is not entitled to insist that it was invalid for want of mutual consideration between him and the defendant. The statute provides that no compensation shall be received by an auctioneer beyond the amount fixed unless by a previous agreement in writing between him and the owner or consignee of the goods or effects sold. (1 R. S. 532, § 23.) The statute does not absolutely require that the writing shall be signed by the auctioneer. The agreement being signed by the owner or consignee, and carried into effect, must be regarded as a written agreement between the parties with the auctioneer, which fixed the amount of the fees to be paid him. The evidence shows that the writing was executed upon the demand of the defendant, in full view of the statute, and for his protection, and that the amount of fees to be retained was understood by the plaintiff and assented to by him and was one of the conditions under which the defendant undertook the sale. It is enough, we think, that it was signed by both the mortgagor and mortgagee and the plaintiff has no ground for claiming that he was released therefrom any more than if it had been an agreement to sell lands, signed by the seller only and sought to be enforced by

the purchaser. It was not only an agreement authorizing the auctioneer to sell and pay over the proceeds, but it was, in substance and effect and in law, an agreement in writing fixing the amount of the fees of the auctioneer, which was obligatory upon the plaintiff. It was executed for the very purpose of meeting the statute, in entire conformity with its spirit and intent, and the defendant was entitled to the benefit of the same.

As the defendant was authorized under the agreement to charge five per cent commission, it follows that no action can be maintained against him for a penalty in violation of the provision of section 24, 1 R. S. 532. The charge of $30, which was allowed to the defendant, is sufficiently considered in the opinion of the General Term by DYKEMAN, J.

The other questions presented have been examined, but we find no error in any of the rulings of the judge upon the trial which authorizes a reversal of the judgment.

The judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.